09-3662-ag
Abochoayra v. Holder

BIA
A075 924 898

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 30th day of September, two thousand ten.

PRESENT:
> DENNIS JACOBS,
> > *Chief Judge,*
> GUIDO CALABRESI,
> DEBRA ANN LIVINGSTON,
> > *Circuit Judges.*

_____

MOHAMED SALAME ABOCHOAYRA,
> *Petitioner,*

v.

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL, DEPARTMENT OF HOMELAND SECURITY,
> *Respondents.*

09-3662-ag
NAC

_____

FOR PETITIONER: Amy N. Gell, Gell & Gell, New York, New York.

FOR RESPONDENTS: Tony West, Assistant Attorney General, Civil Division; Blair T. O'Connor, Assistant Director; Don G. Scroggin, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

The Petitioner, Mohamed Salame Abochoayra, a native and citizen of Egypt, seeks review of an August 24, 2009, order of the BIA denying his motion to reopen his removal proceedings. *In re Mohamed Salame Abochoayra*, No. A 075 924 898 (B.I.A. Aug. 24, 2009). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir. 2005) (per curiam). Here, the BIA did not abuse its discretion in denying Abochoayra's motion to reopen as untimely and number-barred. It was his second motion, and it was filed over three years after the BIA issued its final order of removal. *See* 8 C.F.R. § 1003.2(c)(2).

Abochoayra argued that country conditions had changed regarding the treatment of Muslim men married to non-Muslims in Egypt. The time and numerical limitations on motions to reopen shall not apply to motions based on "changed circumstances in the country of nationality . . . to which deportation has been ordered, if such evidence is material

2

and was not available and could not have been discovered or presented at the previous hearing; [8 C.F.R. § 1003.2(c)(2)] *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir. 2008); *see also Siewe v. Gonzales*, 480 F.3d 160, 167-168 (2d Cir. 2007). However, we agree with the BIA that the Petitioner failed to demonstrate such a change had occurred in that country.

Abochoayra additionally sought reopening to apply for adjustment of status. However, eligibility for adjustment of status is not an exception to the applicable time limitation on motions to reopen. *See* 8 U.S.C. § 1229a(c)(7)(C); 8 C.F.R. § 1003.2(c)(3)(ii); *see also Matter of Yauri*, 25 I. & N. Dec. 103, 105 (BIA 2009). Therefore, to the extent Abochoayra sought reopening to pursue such relief, he was necessarily invoking the BIA's authority to reopen his proceedings *sua sponte*. *See Mahmood v. Holder*, 570 F.3d 466, 469 (2d Cir. 2009); 8 C.F.R. § 1003.2(a). The BIA's determination as to whether it will exercise its *sua sponte* authority is entirely discretionary and thus beyond the scope of our jurisdiction. *See Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006). True, "where the Agency may have declined to exercise its *sua sponte* authority because it misperceived the legal background and thought, incorrectly, that a reopening would necessarily

3

fail, remand to the Agency for reconsideration in view of the correct law is appropriate." *Mahmood* 570 F.3d at 469. However, remand is inappropriate in this case because, as the BIA observed, Abochoayra's priority date was not current. *See Ali*, 448 F.3d at 517. Contrary to Abochoayra's argument in this Court, his priority date was not current at the time his motion to reopen was filed or when the BIA disposed of the motion. *Compare* June 2009 Visa Bulletin, http://www.travel.state.gov/visa/bulletin/bulletin_4497.html (last visited Sept. 21, 2010) (indicating that visas for skilled workers (third preference) were unavailable) *with* August 2009 Visa Bulletin, http://www.travel.state.gov/visa/bulletin/bulletin_4539.html (last visited Sept. 21,2010) (same).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4